UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALBERT M. JACKSON, JR.,
    Plaintiff,

v.

COOKS, et al.,
    Defendants.

Civil No. 3:19-cv-983 (AWT)

**RULING ON MOTION TO DISMISS**

The plaintiff, Albert M. Jackson, Jr., currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this action challenging the conditions of his confinement at Garner Correctional Institution. After initial review of the complaint, the following claims remain: federal claims for deliberate indifference to health and safety relating to radon gas exposure against defendants Cooks, Corcella, Semple, Falcone, Link, and Batten and for denial of access to courts against defendants Semple and Falcone in their individual and official capacities and a supplemental state law claim for intentional infliction of emotional distress against defendants Cooks, Corcella, Semple, Falcone, Link, and Batten in their individual capacities only. See Initial Review Order, ECF No. 7.

Remaining defendants Cooks, Corcella, Semple, Falcone, Link, and Batten have filed a motion to dismiss intended to

bring the claims in the case in line with the claims in the other cases in this district challenging radon gas exposure. For the reasons that follow, the defendants' motion is granted.

I. **Legal Standard**

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id.  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. Id.  However, when reviewing a motion to dismiss, the court must accept the factual allegations in the operative complaint as true and draw all reasonable inferences in the non-movant's favor.  Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

If, on a motion to dismiss, "matters outside the pleadings

are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, extrinsic evidence that is attached to the pleadings or incorporated by reference may be considered on a motion to dismiss, as well as matters of which judicial notice may be taken. See New York Pet Welfare Ass'n, Inc. v. City of New York, 850 F.3d 79, 86 (2d Cir. 2017).

## II.  Factual Background

The plaintiff is a Massachusetts-sentenced inmate confined in Connecticut under the Interstate Corrections Compact. He alleges that he was confined at Garner Correctional Institution ("Garner") for more than twenty years.[1]  ECF No. 1 ¶ 7.

Radon testing was performed at Garner in December 2013 and January 2014. Id., ¶ 49. Installation of a radon mitigation system was completed in October 2014. It served only those areas where testing showed excessive radon levels. Id., ¶ 32. The plaintiff's housing unit was not tested. Id., ¶ 33.

In January 2019, the plaintiff began suffering from severe headache, fever, dramatic weight loss, and coughing up blood, symptoms he attributes to radon exposure. Id. ¶ 9.

## III. Analysis

The defendants move to dismiss all claims except the Eighth

---

[1] The response to an inmate grievance, attached to the complaint, indicates that the plaintiff was first housed at Garner in 2013, only seven years before he commenced this action. See ECF No. 1-1 at 5.

3

Amendment claims against the defendants for monetary relief in their individual capacities and for non-monetary relief in their official capacities; and the state law claim for intentional infliction of emotional distress against the defendants in their individual capacities for monetary relief only.

### A. Eighth Amendment Claim

The plaintiff is not the only inmate pursuing litigation relating to radon exposure at Garner.  There is a consolidated class action challenge, Vega v. Semple, No. 3:17-cv-107(JBA), and Cruz v. Semple, No. 3:17-cv-348(JBA).  Many of the plaintiff's claims also were asserted in Vega.

In Vega, the district court held that correctional officials were not on notice that inmates had a right to be free from toxic environmental substances until the Supreme Court's decision in Helling v. McKinney, 509 U.S. 25 (1993), and, therefore, were protected by qualified immunity for any actions prior to June 18, 1993, the date of that decision.  On appeal, the Second Circuit affirmed the district court's determination that correctional officials were protected by qualified immunity against any Eighth Amendment claims for radon exposure prior to Helling.  Vega v. Semple, 963 F.3d 259, 275-77 (2d Cir. 2020).

As the plaintiff asserts the same Eighth Amendment claims against the defendants, they are protected by qualified immunity in this action for any events occurring prior to the June 18,

1993 Helling decision. The defendants' motion to dismiss on this ground is granted.

### B. Clarification of Relief on Eighth Amendment Claim

The defendants also seek to clarify that, with respect to the Eighth Amendment claim, the plaintiff may seek only monetary relief from the defendants in their individual capacities and only non-monetary relief from them in their official capacities.

Claims for prospective relief against a state official may be asserted against the official in his official capacity only. See Arzuaga v. Quiros, No. 3:10-cv-1200(DJS), 2015 WL 13021466, at *1 (D. Conn. Nov. 9, 2015) (injunctive relief is not available from the defendants in their individual capacities) (citations omitted); Poe v. Massey, 3 F. Supp. 2d 176, 176 (D. Conn. 1998). This is so because, as an individual, the defendant is not authorized to take actions on behalf of the state.

In addition, the Eleventh Amendment prohibits monetary relief against state officials in their official capacities unless the state has waived this immunity or Congress has abrogated it. Kentucky v. Graham, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity, Quern v. Jordan, 440 U.S. 332, 343 (1979), and the plaintiff has alleged no facts suggesting that the state has waived immunity in this case. Thus, the plaintiff cannot recover monetary

5

relief from the defendants in their official capacities.

The defendants' motion to dismiss is granted to the extent that it seeks to clarify what relief is available from the defendants in their individual and official capacities.

### C. Fifth Amendment Due Process Claim

The defendants note that the plaintiff refers to both the Fifth and Fourteenth Amendments, but the court referenced only the Fourteenth Amendment in its discussion of the plaintiff's due process claim.

The Due Process Clause of the Fifth Amendment applies to the federal government while the Due Process Clause of the Fourteenth Amendment applies to the states. Welch v. United States, ___ U.S. ___, 136 S. Ct. 1261-62 (2016). As all defendants are state employees, there is no basis for a due process claim under the Fifth Amendment. In addition, no other provision of the Fifth Amendment is applicable to the facts of this case. The defendants' motion to dismiss is granted as to any Fifth Amendment due process claim.

### D. Access to Courts

The plaintiff contends that defendants Semple and Falcone denied him access to the courts by concealing the results of the 2013 and 2014 radon tests. The defendants move to dismiss the access to courts claim on two grounds, failure to state a cognizable claim and qualified immunity.

6

A prisoner's right of access to the courts encompasses "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis v. Casey, 518 U.S. 343, 356 (1996). The Supreme Court has specifically rejected the notion that the right of access to the courts requires prison officials to "enable the prisoner to discover grievances." Id. at 354. Thus, the plaintiff has no right to have the defendants inform him of potential lawsuits.

Also, to state a claim for denial of access to the courts, the plaintiff must have suffered an actual injury. To establish an actual injury, the plaintiff must allege facts showing that the defendants took, or were responsible for, actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. See Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 2002). As the defendants note, the plaintiff has commenced this action. Thus, he has not suffered an actual injury regarding this claim.

As the plaintiff has no constitutional right to have the defendants inform him of possible lawsuits, the defendants' motion to dismiss is granted as to the access to courts claim.

### E. State Law Claims for Injunctive Relief

On initial review, the court permitted the state law claim for intentional infliction of emotional distress to proceed.

7

The court did not specify the relief available on that claim. The defendants move to dismiss any claim for injunctive relief on the claim for intentional infliction of emotional distress.

The Supreme Court has held that the Eleventh Amendment prohibition against claims against the states for violation of state law applies to state law claims brought in federal court under the court's supplemental jurisdiction. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984). In Vega, the Second Circuit, relying on Pennhurst, dismissed all claims for prospective relief for violations of state law. Vega, 963 F.3d at 284. The defendants' motion to dismiss is granted in that the state law claim for intentional infliction of emotional distress will proceed against the defendants for damages only.

**F.   Declaratory Relief**

Finally, the plaintiff references declaratory relief in his prayer for relief. The defendants move to dismiss the request for declaratory relief.

Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." Colabella v. American Inst. of Certified Pub. Accountants, 10-CV-2291 (KAM) (ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sep. 28, 2011) (citations omitted). Thus "[d]eclaratory relief operates

8

prospectively to enable parties to adjudicate claims before either side suffers great damages." Orr v. Waterbury Police Dep't, No. 3:17-CV-788 (VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). In Orr, the court dismissed the request for a declaratory judgment that the defendants had violated the plaintiff's Fourth Amendment rights during his arrest because the request "concern[ed] only past actions." Id. The plaintiff includes a general request for "such Declaratory Relief as this Court shall consider fair and equitable." ECF No. 1 at 31.

"[D]ismissal of a declaratory judgment action is warranted where the declaratory relief plaintiff seeks is duplicative of his other causes of action." Kuhns v. Ledger, 202 F. Supp. 3d 433, 443 (S.D.N.Y. 2016) (citation, alterations, and ellipsis omitted). If the plaintiff were to prevail on his claim for deliberate indifference to health and safety, a judgment in his favor would serve the same purpose as a declaration that the defendants violated his constitutional rights. Thus, absent any specific request for prospective declaratory relief, the plaintiff's request for declaratory relief is not distinct from the relief sought in his section 1983 claims. See, e.g., United States v. $2,350,000.00 in Lieu of One Parcel Case of Property Located at 895 Lake Avenue, Greenwich, Connecticut, 718 F. Supp. 2d 215, 229 n.7 (D. Conn. 2010) (noting that if property is not

forfeited, receiver-claimants would have been shown to be prevailing innocent owners and declaration to that effect would be redundant). The defendants' motion to dismiss is granted as to the request for declaratory relief.

## IV. Conclusion

The defendants' motion to dismiss [ECF No. 34] is hereby GRANTED. The case will proceed on only the Eighth Amendment claims against the defendants for monetary relief in their individual capacities and for non-monetary relief in their official capacities; and the state law claim for intentional infliction of emotional distress against the defendants in their individual capacities for monetary relief only.

It is so ordered.

Signed this 7th day of January 2021 at Hartford, Connecticut.

                        Alvin W. Thompson
                      United States District Judge

forfeited, receiver-claimants would have been shown to be prevailing innocent owners and declaration to that effect would be redundant). The defendants' motion to dismiss is granted as to the request for declaratory relief.

## IV. Conclusion

The defendants' motion to dismiss [ECF No. 34] is hereby GRANTED. The case will proceed on only the Eighth Amendment claims against the defendants for monetary relief in their individual capacities and for non-monetary relief in their official capacities; and the state law claim for intentional infliction of emotional distress against the defendants in their individual capacities for monetary relief only.

It is so ordered.

Signed this 7th day of January 2021 at Hartford, Connecticut.

                        Alvin W. Thompson
                      United States District Judge